**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **SALLIE WALKER** <br> *Plaintiff* | **CIVIL ACTION NO: 3:25-cv-00339** |
| **VERSUS** | **JUDGE: TERRY A. DOUGHTY** |
| **JACKSON PARISH CORRECTIONAL CENTER** <br> *Defendant* | **MAGISTRATE JUDGE: KAYLA D. MCCLUSKY** |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT AND AS FIRST AMENDED

Defendant, Jackson Parish Correctional Center, ("Defendant") responds to Plaintiff's,

Sallie Walker's, ("Plaintiff") First Amended Complaint for Damages as follows.

## ANSWER

(I) PARTIES:

1.

The allegations contained in paragraph 1 are denied for lack of sufficient information to

justify a belief therein.

2.

The allegations contained in paragraph 2 are denied.

(II) JURISDICTION:

3.

Defendant admits this court has jurisdiction over this action, but denies all remaining

allegations of Paragraph 3.

(III) VENUE:

4.

Defendant admits that venue is proper in this District but denies the remaining allegations

of Paragraph 4 and particularly denies that "Jackson Parish Correctional Center" is a domestic limited liability corporation.

5.

The First Amended Complaint contains no Paragraph numbered 5.

(IV) FACTUAL BACKGROUND:

6.

The allegations in paragraph 6 are denied.

7.

The allegations in Paragraph 7 are denied.

8.

The allegations in Paragraph 8 are denied.

9.

The allegations in Paragraph 9 are denied.

10.

The allegations in Paragraph 10 are denied.

11.

The allegations in Paragraph 11 are denied for lack of information sufficient to justify a belief therein.

12.

The allegations in Paragraph 12 are denied for lack of information sufficient to justify a belief therein.

13.

The allegations in Paragraph 13 are denied for lack of information sufficient to justify a belief therein.

14.

The allegations in Paragraph 14 are denied for lack of information sufficient to justify a belief therein.

15.

The allegations in Paragraph 15 are denied for lack of information sufficient to justify a belief therein.

16.

The allegations in Paragraph 16 are denied for lack of information sufficient to justify a belief therein.

17.

The allegations in Paragraph 17 are denied for lack of information sufficient to justify a belief therein.

18.

The allegations in Paragraph 18 are denied for lack of information sufficient to justify a belief therein.

19.

The allegations in Paragraph 19 are denied for lack of information sufficient to justify a belief therein.

20.

The allegations in Paragraph 20 are denied for lack of information sufficient to justify a belief therein.

21.

The allegations in Paragraph 21 are denied for lack of information sufficient to justify a

belief therein.

22.

The allegations in Paragraph 22 are denied. Defendant avers Tim Ducote was not warden at JPCC during the relevant time frame associated with Plaintiff's allegations in paragraph 22.

23.

The allegations in Paragraph 23 are denied for lack of information sufficient to justify a belief therein.

24.

The allegations in Paragraph 24 are denied for lack of information sufficient to justify a belief therein.

25.

The allegations in Paragraph 25 are denied for lack of information sufficient to justify a belief therein.

26.

The allegations in Paragraph 26 are denied for lack of information sufficient to justify a belief therein.

27.

The allegations in Paragraph 27 are denied for lack of information sufficient to justify a belief therein.

28.

The allegations in Paragraph 28 are denied. Tim Ducote was not warden at JPCC, and did not have an office at JPCC, during the relevant time frame associated with Plaintiff's allegations in paragraph 28.

29.

The allegations in Paragraph 29 are denied for lack of information sufficient to justify a belief therein.

30.

The allegations in Paragraph 30 are admitted with respect to Lowring's immediate termination following an incident involving Plaintiff. The remaining allegations in Paragraph 30 are denied.

31.

The allegations in Paragraph 31 are denied for lack of information sufficient to justify a belief therein.

32.

The allegations in Paragraph 32 are denied for lack of information sufficient to justify a belief therein.

33.

The allegations in Paragraph 33 are denied.

34.

The allegations in Paragraph 34 are denied for lack of information sufficient to justify a belief therein.

35.

The allegations in Paragraph 35 are denied for lack of information sufficient to justify a belief therein.

36.

The allegations in Paragraph 36 are denied for lack of information sufficient to justify a

belief therein.

37.

The allegation in Paragraph 37, that on November 3, 2022, Plaintiff was diagnosed with Frozen Sholder Syndrome, is denied for lack of information sufficient to justify a belief therein. The remaining allegation(s) in Paragraph 37 are denied to the extent Plaintiff is alleging that Defendant involuntarily "placed" Plaintiff on the FMLA leave. Defendant admits Plaintiff began a leave of absence under the FMLA on November 3, 2022.

38.

The allegations in Paragraph 38 are denied for lack of information sufficient to justify a belief therein.

39.

The allegations in Paragraph 39 are denied except to admit that Plaintiff was notified in February that her FMLA leave was exhausted, and her return-to-work date had passed without Defendant receiving any updated information from Plaintiff.

40.

The allegations in Paragraph 40 are denied for lack of information sufficient to justify a belief therein.

41.

The allegations in Paragraph 41 are admitted.

**[Following paragraph 41, Plaintiff paragraphs are misnumbered, beginning with the subsequent paragraphs numbered as 30 *et seq*. this is clearly an error so, in an effort to avoid further confusion, Defendant will continue responding and identifying the subsequent paragraphs in a sequential manner. The paragraph numbers reflected in Plaintiff's complaint, including as first amended, will appear in brackets beside the correct paragraph number]**

42. [30]

In response to Paragraph 42 [30], Defendant adopts and reavers its response to Paragraphs 1 - 41.

43. [31]

The allegations in Paragraph 43 are admitted.

44. [32]

The allegations in Paragraph 44 are admitted.

45. [33]

The allegations in Paragraph 45 are denied.

46. [34]

The allegations in Paragraph 46 are denied.

47. [35]

The allegations in Paragraph 47 are denied.

48. [36]

The allegations in Paragraph 48 are denied.

49. [37]

The allegations in Paragraph 49 are denied.

50. [38]

The allegations in Paragraph 50 are denied.

51. [36]

In response to the allegations of Paragraph 51 [36], Defendant adopts and reavers its response to Paragraphs 1 - 50.

52. [37]

The allegations in Paragraph 52 are denied.

53. [38]

The allegations in Paragraph 53 are denied.

54. [39]

The allegations in Paragraph 54 are denied.

55. [40]

The allegations in Paragraph 55 are denied for lack of information sufficient to justify a belief therein.

56. [41]

The allegations in Paragraph 56 are denied.

57. [53]

The allegations in Paragraph 57 are denied for lack of information sufficient to justify a belief therein.

58. [54]

The allegations in Paragraph 58 are denied for lack of information sufficient to justify a belief therein.

59. [55]

The allegations in Paragraph 59 are denied for lack of information sufficient to justify a belief therein.

60. [56]

The allegations in Paragraph 60 are denied. Tim Ducote was not Warden at JPCC during the relevant time frame associated with Plaintiff's allegations in paragraph 60.

61. [57]

The allegations in Paragraph 61 are denied for lack of information sufficient to justify a belief therein.

62. [58]

The allegations in Paragraph 62 are denied.

63. [59]

In response to the allegations of Paragraph 63 [59], Defendant adopts and reavers its response to Paragraphs 1 - 62.

64. [60]

The allegations in Paragraph 64 are denied because they do not accurately reflect the terms of the Family and Medical Leave Act except to admit that the FMLA prohibits retaliation against employees who exercise their FMLA rights.

65. [61]

The allegations in Paragraph 65 are denied.

66. [62]

The allegations in Paragraph 66 are denied for lack of information sufficient to justify a belief therein except to admit that Plaintiff was notified her FMLA leave was exhausted, and her return-to-work date had passed without Defendant receiving any updated information from Plaintiff.

67. [63]

Regarding the allegations in Paragraph 67, Defendant admits Plaintiff was terminated because she refused to return to work upon expiration and exhaustion of her FMLA leave. The

remaining allegations in Paragraph 67 are denied for lack of information sufficient to justify a belief therein.

## 68. [64]

The allegations in Paragraph 68 are denied.

### *Unnumbered Paragraph: Prayer for Relief*

Defendant denies Plaintiff's prayer for relief and denies that Plaintiff is entitled to any recovery, relief, or judgment against it whatsoever.

## GENERAL DENIAL

Any allegations, claims, and prayers contained in Plaintiff's Complaint, including as First Amended, that have not been specifically admitted or denied are hereby denied.

## **AFFIRMATIVE DEFENSES**

NOW FURTHER ANSWERING the allegations of the Complaint, including as First Amended, and without admitting any liability to Plaintiff or assuming any burden of production or proof that it would not otherwise bear under applicable law, Defendant asserts the following defenses:

## FIRST DEFENSE

Plaintiff's Complaint, including as first amended, fails to state a claim upon which relief can be granted as to Defendant.

## SECOND DEFENSE

Plaintiff's claims against Defendant should be dismissed as JPCC, a correctional facility, is neither a natural person nor juridical person, and therefore lacks the capacity to be sued. Further, service of JPCC was not perfected in accordance with state or federal law.

## THIRD DEFENSE

Plaintiff's claims, at least in part, and the relief requested are barred by the doctrines of waiver and/or estoppel.

## FOURTH DEFENSE

Plaintiff's claims are barred by the doctrines of prescription and/or her failure to timely exhaust her administrative remedies in accordance with the time restrictions under Title VII.

## FIFTH DEFENSE

Plaintiff's Title VII claims are barred to the extent they are beyond the scope of her EEOC Charge of Discrimination.

## SIXTH DEFENSE

Plaintiff's Title VII claims are barred by prematurity. Plaintiff filed this lawsuit on March 18, 2025, prior to issuance of a notice of right to sue.

## SEVENTH DEFENSE

Plaintiff has no right of action and is barred from recovery under Louisiana Employment Discrimination Laws, La. R.S. 23:301, *et seq,* because she failed to satisfy the requirements of La. R.S. 23:303.

## EIGHTH DEFENSE

Defendant asserts, to the extent that Plaintiff's claims are based in whole or in part upon a "mixed motive" claim and the finder of fact determines, based upon legally sufficient evidence, that a protected characteristic was a motivating factor in any employment decision at issue (which Defendant absolutely denies), Defendant is entitled to judgment, in whole or in part, because the same employment decision would have been made irrespective of whether the protected factor was considered.

NINTH DEFENSE

Defendant asserts, to the extent the complaint is construed to include a claim for hostile environment harassment, at all times during Plaintiff's employment, Defendant exercised reasonable care to prevent and correct promptly any harassing behavior reported to and/or otherwise known by Defendant. These efforts included establishing and promulgating a policy prohibiting harassment to employees, training supervisors in recognizing and responding to harassment, and establishing an open-door reporting policy allowing reporting both up and outside of the chain of command to encourage employees to bring complaints of harassment to the attention of management. Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities offered by Defendant to prevent harassment.

TENTH DEFENSE

Plaintiff failed to mitigate her damages.

ELEVENTH DEFENSE

Defendant is entitled to an offset against Plaintiff's alleged damages by any amounts Plaintiff earned or should have earned in the exercise of reasonable diligence.

RESERVATION OF RIGHTS

Defendant reserves the right to assert additional affirmative defenses in the event discovery shows additional defenses are warranted.

**WHEREFORE**, Defendant prays the Court deny all Plaintiff's claims, issue judgment in Defendant's favor dismissing Plaintiff's claims with prejudice, and awarding Defendant its attorneys' fees, costs, and all such other relief to which Defendant is entitled.

Dated: May 5, 2025.

Respectfully submitted,

KAITLIN A. WALL-TA
Louisiana Bar No. 39462
EDWARD F. HAROLD
Louisiana Bar No. 21672
FISHER & PHILLIPS LLP
201 St. Charles Avenue, Suite 3710
New Orleans, Louisiana 7017
Telephone: (504) 522-3303
Facsimile: (504) 529-3850
Email:  *kawall@fisherphillips.com*
        *eharold@fisherphillips.com*

**COUNSEL FOR DEFENDANT**

13