UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

SALLIE WALKER

VERSUS

JACKSON PARISH CORRECTIONAL
CENTER

CASE NO.  3:25-CV-00339

JUDGE TERRY A. DOUGHTY

MAG. JUDGE KAYLA D. MCCLUSKY

# CIVIL CASE MANAGEMENT ORDER

## A.  IN ALL CIVIL CASES EXCEPT THOSE ARISING UNDER ERISA

Pursuant to Fed. R. Civ. P. 26(f), the attorneys shall meet in person or by telephone no later than June 03, 2025 (21 days before the scheduling order is due under Fed. R. Civ. P. 16(b)).  The purpose of the meeting is to develop a case management plan and discuss the issues listed in Fed. R. Civ. P. 26(f) (as amended December 1, 2000).  Within 7 calendar days after the meeting, the parties must (1) *file* the case management plan in the format available on Judge Doughty's forms page at www.lawd.uscourts.gov and (2) *exchange* the initial disclosures required by Fed. R. Civ. P. 26(a).  The parties are *not* to file the initial disclosures.  THE PARTIES MAY NOT STIPULATE TO OPT OUT OF THE INITIAL DISCLOSURES WITHOUT PRIOR APPROVAL BY THE MAGISTRATE JUDGE.

A party may not seek discovery before the Rule 26(f) meeting unless there is an agreement of the parties or an order of the Court permitting discovery.  Fed. R. Civ. P. 26(d).

B. **IN ALL CASES ARISING UNDER ERISA**

Compliance with applicable legal standards under ERISA, 28 U.S.C. ' 1132 will streamline the handling of this action.  Counsel shall familiarize themselves with current ERISA law, including the jurisprudence cited below.[1]

In order to facilitate an efficient progression of this action, the following **ORDERS** are entered:[2]

  I.   **Within 60 days** of the date of this Order, **the parties shall file** a (1) joint stipulation, (2) statement, or (3) motion for summary judgment or other dispositive motion as to the following issues:

  a. whether ERISA governs the employee benefit plan at issue,

  b. whether the plan vests the administrator with discretionary authority to determine eligibility for benefits and/or construe and interpret the terms of the plan[3], and

---

[1] This federal district court's review of employee benefit plan determinations is limited by standards of review articulated by the United States Supreme Court and the Fifth Circuit Court of Appeal. See *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *Vega v. National Life Ins. Co.*, 188 F.3d 287 (5th Cir. 1999) *Schadler v. Anthem Life Insurance Co.*, 147 F. 3d 388, 394 (5th Cir.1998); *Duhon v. Texaco, Inc.*, 15 F.3d 1302, 1305 (5th Cir. 1994), reh'g en banc denied, 20 F.3d 471(1994).

[2] **Failure to comply with the schedule of deadlines imposed and/or the substance of this order will merely delay justice and impose additional burdens on all involved. Thus, failure to comply with this order will warrant the imposition of sanctions, including dismissal, administrative closing of the case, or fine.**

[3] There is no "linguistic template" or "magic word[ing]" which must be included in a plan to vest an administrator with discretionary authority to determine eligibility for benefits or to construe the terms of a plan.  Instead, the plan should be read as a whole to determine "the breadth of the administrators' power." *Schadler v. Anthem Life Ins. Co.,* 147 F.3d at 395, f.n.7; *Duhon v. Texaco, Inc.*, 15 F.3d at 1305-1306, citing *Wildbur v. Arco*, 974 F 2d 631, 636 (5th Cir.), modified, 979 F 2d 1013 (5th Cir. 1992).

c.  whether ERISA preempts all state law claims related to the employee

benefit plan at issue[4].

**II.  Within 60 days** of the date of this ORDER, **the defendant shall file:** (1) a copy

of all pertinent portions of the employee benefit plan; and (2) a copy of the complete

administrative record concerning plaintiff's claim for benefits with all pages numbered.

**III. Within 90 days** of the date of this Order, **the plaintiff shall file** a statement

regarding the completeness of the administrative record.  If Plaintiff contends the administrative

record is incomplete in any way, plaintiff shall describe the alleged omitted documents and shall

set for the basis of his belief that said documents were part of the administrative record

considered by the administrator.  If plaintiff possesses the documents, copies shall be proffered

to the court with such statement, subject to defendant's right to object that they are not part of the

record.

**IV.** Absent further order,[5] discovery in this case is limited to subject matter which

relates to the administrator's interpretation of the terms of the policy or plan.[6]  Discovery may

not be conducted regarding the factual basis of the plaintiff's medical claim because this court's

---

[4] ERISA preempts all state claims that "relate to any employee benefit plan." 29 U.S.C. §1144(a); *Vega v. National Life Insurance Services, Inc*., 188 F.3d 287,290 fn3 (5th Cir. 1999).

[5] If a diligent review of the law and the facts leads a party to believe that there is a basis for expanding the scope of discovery in this case, an appropriate motion and memorandum, citing applicable authorities and legal arguments, should be filed promptly.

[6] To date, evidence which has been recognized to relate to the administrator's interpretation of plan terms includes evidence of the bad faith of plan trustees, *Kennedy v. Electricians Pension Plan*, 954 F. 2d 1116, 1123-24 (5th Cir. 1992), and evidence concerning how an administrator has interpreted terms of the plan in other instances, *Vega v. National Life Insurance Services, Inc.*, 188 F.3d 287, 299 (5th Cir.1999).  Likewise, expert evidence which assists the court in understanding the medical terminology or practice related to a claim is admissible, and would thus be a proper subject of discovery. *Id* at 299.

review is constrained to the evidence in the administrative record as reviewed by the plan

administrator, and the administrator's decision can only be overturned if the court concludes that

it constitutes an abuse of discretion.  *Schadler*, 147 F.3d at 394; *Wilbur*, 974 F.2d at 639; *see also*

*Southern Farm Bureau Life Ins. Co. v. Moore*, 993 F.2d 98, 102 (5th Cir. 1992).

 **V.**  After completion of the above, the court will issue a briefing Order and the case

will be considered on the administrative record.

        **TERRY A. DOUGHTY**
       **UNITED STATES DISTRICT JUDGE**